IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY H. MCLEOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-576-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mary H. McLeod brings this Federal Tort Claims Act ("FTCA") action, *see* 28 U.S.C. § 1346(b), alleging that the United States's negligence caused the injuries she sustained when she tripped on a cone and fell while she was at the Maxwell Air Force Base Exchange in Montgomery, Alabama.  The United States moves to dismiss Ms. McLeod's Complaint for lack of subject matter jurisdiction based upon her failure to timely exhaust mandatory administrative remedies under the FTCA.  (Docs. # 12, 13.)  The motion has been fully briefed.  (Docs. # 12, 13, 16, 17.)  After careful consideration of the arguments of counsel, the appropriate law, and the allegations set forth in the Complaint, the court finds that the motion is due to be granted.

## I. JURISDICTION AND VENUE

The parties do not contest personal jurisdiction or venue. Subject matter jurisdiction is at issue.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack. *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A Rule 12(b)(1) factual attack, however, "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation marks omitted). When the attack is factual, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The United

States, which relies on matters outside the pleadings, has raised a factual attack on subject matter jurisdiction.

### III. BACKGROUND

**A.** <u>Facts</u>

In the Complaint, Plaintiff Mary H. McLeod ("McLeod") alleges that on September 11, 2010,[1] she was in the Maxwell Air Force Base Exchange ("BX") and tripped and fell over a "construction cone" or "rope holder" while trying to enter the women's restroom.  Ms. McLeod alleges that her fall occurred "[a]s she stepped around the corner" and that the "unforeseen and hidden object [was] placed in the restroom walkway." (Doc. # 1 ¶¶ 7, 8.)  Ms. McLeod was a frequent patron of the BX and alleges that there were no signs or warnings to alert patrons of the obstruction in the bathroom walkway.  (Doc. # 1 ¶ 15.)  Ms. McLeod alleges that as a proximate result of Defendant's negligence, she sustained severe injuries including a fractured hip and injuries to her shoulder and knees.  She further alleges that she has suffered "mental anguish, mental, physical and nervous pain," resulting in medical, hospital, and prescription bills. (Doc. # 1 ¶ 17.)

---

[1] The Complaint states that the incident occurred on September 10, 2010, while all other documents allege that September 11, 2010, was the date on which the incident occurred.  The later date, which is more beneficial to Plaintiff, will be assumed accurate for purposes of this analysis.

3

B.  **Procedural History**

This action is Ms. McLeod's second attempt to comply with the procedural requirements of the FTCA.  Just under two years after the alleged injury, Plaintiff's counsel mailed a "Notice of Claim" letter to TSgt. Amanda Cranmore ("Cranmore") at Maxwell Air Force Base ("Maxwell"), which was received in the Maxwell mailroom on September 7, 2012.  (Doc. # 12-1 ¶¶ 4, 5.)  Cranmore is employed in the Staff Judge Advocate General Office ("JAG Office") at Maxwell and processes FTCA administrative claims.  (Doc. # 12-1 ¶¶ 1, 2.)  The letter set forth Ms. McLeod's allegations and stated that the incident occurred "[o]n or about September 11, 2010," but did not specify a sum certain for her claim as required by 28 C.F.R. § 14.2(a).  (Doc. # 12-1, Ex. A.)  The letter concluded by stating that it was to serve as Ms. McLeod's "Notice of Claim" pursuant to 28 U.S.C. § 2675(a).  *Id.*

On September 10, 2012, Ms. McLeod filed her first action in federal court.  *See McLeod v. United States*, No. 12cv782-WHA (M.D. Ala. Sept. 10, 2012).  That same day, Plaintiff's counsel, through his legal assistant, attempted to hand-deliver to Cranmore at Maxwell a Standard Form 95 ("SF-95"), which contained a sum certain in the amount of $500,000 and was dated September 10.  (Doc. # 1 ¶ 5; Doc. # 1-1 (SF-95, Ex. A).)  Despite information Plaintiff's counsel had received that Cranmore would accept the form by personal delivery, when he arrived at

Maxwell's entrance to deliver the documents, he was turned away and told that he would have to mail the form by certified mail. As a result, Plaintiff's counsel sent the form by certified mail. (Doc. # 16, at 1 (citing Michael Dixon's Aff.[1]).) The SF-95, containing a sum certain, was sent by certified mail to Cranmore and arrived in the Maxwell mailroom on September 14, 2012, and was received by Cranmore at the JAG Office on September 17, 2012. (Doc. # 12-1 ¶ 4, Exs. C & D.)

On January 9, 2013, Ms. McLeod's first action was dismissed without prejudice because she "failed to wait to file suit until the United States either denied her claim or failed to make final disposition of that claim within six months," as required by the FTCA. (Doc. # 1-2, at 2); *see* § 2675(a) (reciting the procedural requirements for disposition by a federal agency prior to initiating a lawsuit pursuant to the FTCA). On February 15, 2013, Ms. McLeod received final denial of her administrative claim. She filed the present action on August 12, 2013. The United States moves to dismiss Ms. McLeod's Complaint for lack of subject matter jurisdiction on the grounds that Ms. McLeod again has failed to timely exhaust her mandatory administrative remedies under the FTCA.

---

[1] Mr. Dixon is Plaintiff's counsel's legal assistant. Ms. McLeod filed Mr. Dixon's declaration in Civil Action No. 12cv782. Based upon her reliance on the declaration, it is incorporated in this action by reference.

## IV.  DISCUSSION

The Government makes two arguments to support its motion to dismiss. First, Ms. McLeod's administrative claim was not timely pursuant to the FTCA, and second, equitable tolling cannot save her untimely claim because the FTCA's two-year statute of limitations is jurisdictional and thus, equitable tolling is not available.  The discussion proceeds in two parts.  Part A addresses the timeliness of Ms. McLeod's administrative claim, and Part B addresses equitable tolling under the FTCA.

**A.     Timeliness**

The Government disputes the timeliness of Ms. McLeod's administrative claim based on her failure to specify a sum certain for her claim within the two-year time requirement.  Ms. McLeod argues that the September 7, 2012 letter is sufficient to provide adequate notice to the Government, notwithstanding its failure to include a sum certain, because a sum certain was subsequently provided, though not within the two-year time period.  Ms. McLeod alternatively reasons that she is entitled to the benefit of equitable tolling because she "had no 'control' over the actions of Cranmore in refusing to accept delivery [on September 10, 2012] after first promising to accept same."  (Doc. # 16, at 3.)

"The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims."  *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th

Cir. 2006). It allows the Government to be sued for claims arising from torts committed by federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 1346(b)(1), 2679(d)(1). Nevertheless, "[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate federal agency." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Further, the claim must be presented in writing "within two years after such claim accrues." § 2401(b). A timely claim may be presented through the claimant's SF-95 "or other written notification of [the] incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisites to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Motta v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) (quoting *Suarez*, 22 F.3d at 1065). "If the tort claim is not properly presented within the time period, it 'shall be forever barred.'" *Id.* (quoting § 2401(b)). It is the burden of the claimant to show that the written notice was timely and contained a sum certain. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002).

Ms. McLeod argues that "[n]o particular form or manner of giving the notice required under Section 2675(a) is mandated, as long as the agency is somehow informed of the claim and the amount thereof within the two year period," citing *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982).  Ms. McLeod's argument mistakenly focuses on the *form* of the notice to support her argument that her September 7, 2012 letter, coupled with the September 14, 2012 SF-95 form, adequately provided notice of the sum certain.  However, the form of her initial notice is not the Achilles heel in Ms. McLeod's administrative claim.  The sum certain must have been provided to the Government no later than September 11, 2012, to satisfy the statutory prerequisite, as expressed in *Williams*.  *Id.*  Because the sum certain in the SF-95 was not provided until three days after the expiration of the two-year limitations period, Ms. McLeod's claim is legally insufficient.  Consequently, Ms. McLeod has failed to show that she complied with the administrative exhaustion requirements, and thus, she cannot succeed with this argument.

**B.**     **Equitable Tolling**

Alternatively, Ms. McLeod contends that she should receive the benefit of equitable tolling.  (Doc. # 16, at 3.)  She espouses, "Even though a timely claim was delivered to the Maxwell A.F.B., Plaintiff had no 'control' over the actions of

8

Cranmore in refusing to accept delivery after first promising to accept same." (Doc. # 16, at 3.)

The Government disagrees with Ms. McLeod's argument, reasoning that "(1) equitable tolling cannot apply to this case because the FTCA's two-year statute of limitations is jurisdictional; and (2) even assuming _arguendo_ that equitable tolling could be applied, . . . Plaintiff has not shown that she exercised all necessary diligence to preserve her rights and that circumstances beyond her control prevented her from timely filing." (Doc. # 13, at 6.)  The Government has the better argument.

### 1. *Whether Equitable Tolling Applies Under the FTCA*

As observed in *Motta*, the Eleventh Circuit has not decided whether equitable tolling applies to claims brought pursuant to the FTCA.  *See* 717 F.3d at 846; *see also Ramos v. U.S. Dep't of Health & Human Servs.*, 429 Fed. App'x 947, 951 (11th Cir. 2011) (noting that this circuit has never addressed the issue). And the other circuits also are split on the question.  *See Bazzo v. United States*, 494 F. App'x 545, 546 n.2 (6th Cir. 2012) (describing the split).  The issue of whether equitable tolling is available in an FTCA action need not be addressed in this opinion.  For the reasons set out below, even if equitable tolling can be applied to FTCA claims, it cannot be applied to Ms. McLeod's FTCA claim because Ms.

McLeod has failed to demonstrate that the untimely filing could not have been avoided with due diligence.

### 2. *Application of Equitable Tolling*

"The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust.")). "[Equitable] tolling is an extraordinary remedy which should be extended only sparingly." *Justice*, 6 F.3d at 1475 (citing *Irwin*, 498 U.S. at 96). A plaintiff seeking the benefit of equitable tolling bears the burden of showing the following: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing the administrative claim. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999). And for equitable tolling to qualify, the plaintiff "must act with diligence throughout the litigation." *Justice*, 6 F.3d at 1480. The burden is on the plaintiff to show that such extraordinary circumstances exist. *Id.* at 1479.

Ms. McLeod cites the conduct of Cranmore in failing to accept her hand-delivered notice on September 10, 2012, one day before the two-year limitations period was to expire, as the sole reason that she is entitled to equitable tolling. Ms. McLeod does not provide any other facts or "extraordinary circumstances" that prevented her from successfully filing her claim at any point prior to September 10. While the court does not condone a government worker not keeping her word (due to the orders of a supervisor), nor does it grant an imprimatur of approval for waiting, without explanation, until the last metaphorical minute to file a claim. The lack of demonstrated diligence in bringing the claim, under the totality of the circumstances, does not support a finding of extraordinary circumstances. Ms. McLeod makes no showing that she diligently pursued her rights prior to her initial September 7, 2012 letter or at any other point during the two years after her fall at the BX. Accordingly, the Government's Motion to Dismiss is due to be granted.

## V.  CONCLUSION

Based on the foregoing, it is therefore ORDERED that the Motion to Dismiss (Doc. # 12) is GRANTED and that this action is DISMISSED for lack of subject matter jurisdiction.

DONE this 28th day of May, 2014.

                                           /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE